UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ISMAEL OCAMPO, a/k/a ISMAEL OCAMPO-GOMAR<br><br>Defendant. | Case No. 5:15-cv-00982-EJD<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**<br><br>Re: Dkt. No. 19 |

### I.   INTRODUCTION

Plaintiff J & J Sports Productions, Inc. ("Plaintiff") alleged in this case that Defendant Ismael Ocampo ("Defendant"), also known as Ismael Ocampo-Gomar and doing business as El Chiloko Restaurant, illegally intercepted and broadcasted a sports event without obtaining a license from Plaintiff. On September 20, 2015, the court entered a default judgment against Defendant in the total amount of $2,650. Plaintiff now moves to alter or amend the default judgment, in part, under Federal Rule of Civil Procedure 59(e). Dkt. No. 19. Plaintiff contends the court was either "clearly in error" or failed to consider material facts when it granted relief.

Post-judgment motions like this one have become routine in these cases. Their number does not correlate with their success, however. In the end, Plaintiff's arguments constitute nothing more than a complaint about the amount of damages awarded in the default judgment. Such a complaint does not justify relief under Rule 59(e). This motion will therefore be denied.

### II.   LEGAL STANDARD

A motion under Federal Rule of Civil Procedure 59(e) may be granted on the following grounds: "(1) if such motion is necessary to correct manifest errors of law or fact upon which the

1
Case No.: 5:15-cv-00982-EJD
ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT

judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011).

A successful Rule 59(e) motion is an exception, not the norm, because it "offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). Indeed, "[a] motion for reconsideration under Rule 59(e) 'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law.'" McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (quoting 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999)).

### III.   DISCUSSION

Plaintiff believes the court committed error when it (1) awarded damages under 47 U.S.C. § 553 rather than 47 U.S.C. § 605, and (2) awarded statutory damages of $1,450 because, in Plaintiff's opinion, that amount is "insufficient," does not "address the necessity of deterrence," and does not "comport with the suggestion of the Ninth Circuit." These arguments, made previously by similar plaintiffs, are still unpersuasive.

#### A.   § 553 v. § 605

Plaintiff argues it should have been awarded damages under §605, which applies to satellite interceptions, rather than § 553, which applies to cable interceptions, based on what it terms the "Northern District approach" to these circumstances. According to Plaintiff, "where a violation of section 605 is limited to satellite and a violation of section 553 is limited to cable, an allegation of a violation of section 605, by definition, alleges a satellite interception," which the court should just accept as true when upon defendant's default.

Whether or not they constitute some sort of "approach" in this district, the rulings of other district judges will not suffice to meet Plaintiff's burden to show clear error under Rule 59(e),

2
Case No.: 5:15-cv-00982-EJD
ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT

particularly when the court addressed the issue now raised on reconsideration.  Here, the court explained in the order granting Plaintiff's motion for default judgment why damages would be awarded under § 553 instead of § 605.  Claims under both sections were pled in the Complaint, yet Plaintiff could only be awarded damages under one.  See J & J Sports Prods. v. Ro, No. 09-CV-02860, 2010 U.S. Dist. LEXIS 21425, at *8, 2010 WL 668065 (N.D. Cal. Feb. 19, 2010).  And Plaintiff notably failed to provide any information supporting its contention that Defendant intercepted a satellite transmission rather than a cable transmission.  In fact, Plaintiff conceded that its investigator was unable to determine the exact means of interception at El Chiloko Restaurant.  In recognition of the law and the facts presented to it, the court chose the statute that best fit the circumstances described in the material supporting Plaintiff's motion rather than basing the decision on unadorned allegations in a pleading.

Moreover, this court has already explained why programming distributors like Plaintiff should not rely on DirecTV, Inc. v. Webb, 545 F.3d 837 (9th Cir. 2008), to bolster the position that unsubstantial, one-size-fits-all allegations in a skeletal complaint should be deemed true on default.  See Joe Hand Promotions, Inc. v. Lorenzana, No. 5:13-cv-05925 EJD, 2014 U.S. Dist. LEXIS 154973, at *3 (N.D. Cal. Oct. 31, 2014).  While it is correct that Plaintiff "need not directly prove the means of surreptitious interception in the face of 'sufficiently persuasive' circumstantial evidence," no such "sufficiently persuasive" evidence was presented in this case.  Id.  All that Plaintiff submitted was a declaration from an investigator who, understandably after spending only seven minutes in El Chiloko Restaurant, was unable to provide any information about the means of interception.  That is simply not enough, even when a defendant defaults.

Furthermore, Plaintiff could have made this exact argument in its motion for default judgment, but did not.  It is not entitled to do so now.  See Kona Enters., Inc., 229 F.3d at 890 ("A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.").

For this case, awarding damages under § 553 was not a manifest error of law or fact.

3

Case No.: 5:15-cv-00982-EJD
ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT

### B. Amount of Damages

Plaintiff argues the amount of statutory damages awarded will not serve to deter signal piracy, which it deems a "primary goal." Plaintiff reasons that "[a] total statutory damages award of $1,450, which represents a premium of $250 over the actual cost of the Program is not an effective deterrent." This court has previously rejected similar arguments. See Lorenzana, 2014 U.S. Dist. LEXIS 154973, at *5-6; see also Joe Hand Promotions, Inc. v. Munoz, No. 5:13-cv-05926 EJD, 2015 U.S. Dist. LEXIS 8100, at *3-4, 2015 WL 351378 (N.D. Cal. Jan. 23, 2015). It rejects it again here.

For this case, the court awarded Plaintiff total statutory damages of $1,450, which amounted to $250 under § 553(c)(3)(A)(ii) and $1,200 under § 553(c)(3)(B). The court explained that only the minimum amount permitted by § 553(c)(3)(A)(ii) was justified "because Plaintiff did little if anything to develop the record." It also found that $1,200 for enhanced damages under § 553(c)(3)(B), which represented the value of the commercial license, "properly account[ed] for the broadcast's impact on Plaintiff and is sufficient [to] deter future conduct by Defendant and other similarly situated establishments."

Given the fact the court explicitly considered the judgment's deterrent effect as well as the value of Plaintiff's loss when ordering statutory damages, the instant argument is merely a disagreement with the decision. It does not warrant relief under Rule 59(e). United States v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) ("A party seeking reconsideration must show more than a disagreement with the Court's decision . . . . To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."). No error has been shown, let alone one that requires reversal.

Nor is the default judgment inconsistent with dicta from Kingvision Pay-Per-View Ltd. v. Lake Alice Bar, 168 F.3d 347 (1999). While the Ninth Circuit mentioned "five figure judgments" in Lake Alice Bar, it did not mandate or approve such awards in every case. To the contrary, that case more importantly teaches that the "range in the statutory award might allow for a sanction that deters but does not destroy." 168 F.3d at 350. The court heeded that instruction in this action.

4

Case No.: 5:15-cv-00982-EJD
ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT

1 Finally, the court must comment on Plaintiff's opinion that only sizeable judgments in signal piracy cases provide sufficient compensation or have a deterrent effect. Aside from the fact that no supporting evidence was submitted outside of statements from other district court orders, this opinion demonstrates some degree of blindness to who Plaintiff sued in this case and others. Defendant is not a national chain but a local restaurant that was little more than half full when Plaintiff's investigator visited. As the court observed, there was no evidence that Defendant displayed the program for commercial or private financial gain. In light of these characteristics, the court simply cannot accept that the amount of damages ordered against Defendant creates a disincentive for him and other comparable small businesses to comply with the law. No matter how Plaintiff may argue the point, compliance is still much less costly for those similarly situated to Defendant.

## IV. ORDER

The Motion to Alter or Amend the Judgment is DENIED. The hearing scheduled for March 10, 2016, is VACATED.

**IT IS SO ORDERED.**

Dated: March 7, 2016



EDWARD J. DAVILA
United States District Judge